**Mayra Ledesma**, OSB #183942
mayra@nwjp.org
**Corinna Spencer-Scheurich**, OSB #130147
corinna@nwjp.org
**D. Michael Dale**, OSB #771507
michael@nwjp.org
Northwest Workers' Justice Project
812 SW Washington St, Suite 225
Portland, OR  97205
Telephone: (503) 525-8454
Facsimile: (503) 946-3029

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **ADRIANA PEREZ,** individual, | Case No.: 6:21-cv-1075 |
| Plaintiff, | COMPLAINT |
| v. | Title VII of the Civil Rights Act, (42 U.S.C. §§ 2000 *et seq*.), Migrant and Seasonal Agricultural Worker Protection Act, (29 U.S.C. §§ 1801, *et seq*.) Oregon Unlawful Employment Practices, Oregon Contractor Registration Act |
| **WILLAMETTE VALLEY FARM SERVICES LLC**, an Oregon domestic limited liability company, | |
| Defendant. | |
| | DEMAND FOR JURY TRIAL |

INTRODUCTION

1.      Adriana Perez ("Plaintiff") brings this action against her employer Willamette Valley Farm Services LLC ("Defendant") for unlawful employment practices, including

COMPLAINT - 1

unlawful discrimination based on sex, in violation of O.R.S. § 659A.030(1)(a),(b), and (f), and violations of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2(a) and (m) and § 2000e-3(a). Defendant subjected her to severe or pervasive harassment based on her sex or perceived sexual orientation. She was unlawfully discharged by Defendant in retaliation for complaining about the discrimination. Plaintiff seeks economic and non-economic damages, and attorneys' fees and costs.

2. Plaintiff also alleges violation of the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. § 1801, *et seq.*, ("AWPA") for failure to post a statement of the rights of seasonal agricultural workers and seeks statutory damages, 29 U.S.C. §§ 1831(a), 1854.

3. Plaintiff also alleges violations of the Oregon Contractor Registration Act, 658 O.R.S. 405, et seq., ("OCRA") and seeks penalties for violations of O.R.S. §§ 658.440(1)(f) (written disclosure statement) and 658.440(1)(g) (written agreement), and seeks actual or statutory damages of $1,000, whichever is greater.

## JURISDICTION

4. This Court has jurisdiction of this action under 28 U.S.C. § 1331, as the action arises under the laws of the United States; 28 U.S.C. § 1337, as the action arises under an Act of Congress regulating commerce; 28 U.S.C. § 1343, as this action arises under laws providing for equal protection; 42 U.S.C. § 2000e-5(f)(3), as this action arises under Title VII of the Civil Rights Act; and 29 U.S.C. § 1854, as this action arises under AWPA.

5. This Court has supplemental jurisdiction under 28 U.S.C. § 1367, as the state claims are so related to the federal claims as to form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(1), because the Defendant's principal place of business is in Independence, Oregon.

## PARTIES

7. Plaintiff Adriana Perez is a natural person who resides in Salem, Oregon.

8. Defendant Willamette Valley Farm Services LLC is an Oregon limited liability company with its primary place of business in Independence, Oregon.

## ADMINISTRATIVE EXHAUSTION

9. On July 6, 2020, Plaintiff co-filed a civil rights complaint with the Civil Rights Division of the Oregon Bureau of Labor and Industries (BOLI) and the Equal Employment Opportunity Commission (EEOC) against Defendant, based on the facts and claims alleged herein.

10. On July 6, 2021, BOLI notified Plaintiff of her right to file a civil suit.

11. On April 21, 2021, EEOC notified Plaintiff of her right to sue under Title VII of the Civil Rights Act.

## FACTS

12. Defendant Willamette Valley Farm Services LLC is a registered farm labor contractor with the Bureau of Labor and Industries.

13. Defendant regularly employs fifteen or more employees.

14. Defendant first hired Plaintiff Adriana Perez sometime in February 2019, after she responded to a Facebook job post.

15. Ms. Perez and another individual met owner Pedro Tapia of Defendant at Brooks Market. Mr. Tapia offered them $13.00 per hour and promised work for the remainder of the 2019 year.

COMPLAINT - 3

16. Sometime in March 2019, Ms. Perez's employment was terminated after she complained to Mr. Tapia for having sent her, along with a group of co-workers, to a remote farm under false pretenses. Mr. Tapia had promised her and her co-workers a full day's worth of work if they agreed to travel to that remote farm. However, when the group arrived, they learned that the farmer only needed them to work for two hours.

17. In July 24, 2019, Mr. Tapia rehired Ms. Perez, again promising work through the end of the season. Defendant, however, failed to provide her with a written disclosure, execute a written agreement containing the terms and conditions of her employment or post a notice of the rights of seasonal agricultural workers.

18. Plaintiff primarily worked as a farm worker. Sometime on or after August 26, 2019, Mr. Tapia began asking Ms. Perez to lead crews.

19. At all relevant times, Elpidio Solis was an employee of Defendant.

20. During her time working for Defendant, Ms. Perez worked with Elpidio Solis, another farm worker and crew leader.

21. Ms. Perez often led separate crews of farm workers than did Mr. Solis.

22. On a nearly daily basis, Mr. Solis subjected Ms. Perez to a hostile work environment. He would often make fun of Ms. Perez to their co-workers by spreading rumors that she was a lesbian, "butch," or homosexual because she had a "masculine" appearance, had "manly strength," and wore male clothing.

23. Mr. Solis would treat Ms. Perez differently than the other crew leaders who were all male. He also treated her differently than the other farmworkers because he perceived her to be a lesbian.

24. Mr. Solis often refused to share work resources with her. For example, sometime in or around August 2019, Mr. Solis brought employer-provided drinking water for his crew when it was 80 degrees outside, but refused to share it with Ms. Perez and her crew. Ms. Perez immediately called Mr. Tapia, who went to buy water for her crew and told her he would talk to Mr. Solis.

25. Ms. Perez regularly complained to Mr. Tapia about Mr. Solis' treating her differently because of sex without success; Tapia was dismissive towards Ms. Perez and would minimize her discrimination complaints and would often stop her from further complaining by saying, "I'll take care of it." However, Tapia did not take effective action to eliminate the discrimination.

26. One of Ms. Perez's co-workers informed her that Mr. Tapia himself also perceived her to be a lesbian, "butch," or homosexual, and that is why he did not take her complaints seriously.

27. Ms. Perez's work environment never improved.

28. In September 2019, Plaintiff was working on a hemp farm near Corvallis, Oregon.

29. The hemp farm was owned by Roger Olson.

30. Plaintiff's duties included removing the weeds that grew alongside the hemp plants using a hoe.

31. On or around September 9, 2019, Plaintiff noticed weeds left behind from Mr. Solis' crew and approached him about asking his crew to re-hoe some of the areas to make sure all the weeds were being pulled out.

32. In front of approximately 20 other workers, Mr. Solis raised his voice and yelled, "I don't take orders from a 'marimacha.'" "Marimacha" is derogatory slang for a lesbian woman.

COMPLAINT - 5

33. In response to Solis' tirade, many of Ms. Perez's co-workers laughed at her.

34. Ms. Perez began crying and ran to her car.

35. After Ms. Perez got to her car, she called Mr. Tapia to tell him about the incident and he claimed he would speak to Mr. Solis. Having been told this numerous times in the past, Ms. Perez did not believe that Mr. Tapia would resolve the discrimination to which she was being subjected.

36. Once she had stopped crying, Ms. Perez drove to Mr. Olson's house to explain the discrimination that she was being subjected to at his farm and he told her he would call Mr. Tapia and speak with him.

37. On or around September 10, 2019, the day after the incident, Ms. Perez arrived to work at 7:30 AM.

38. Mr. Tapia arrived at the same time as Ms. Perez and asked for her timesheets.

39. Mr. Tapia then asked to meet with Ms. Perez and during their meeting, Mr. Tapia reprimanded her for speaking to Mr. Olson.

40. Mr. Tapia handed her a personal company check and told her that the company was laying her off because there was no work left for her.

41. Plaintiff objected and told him that she believed she was being fired for her opposition to Mr. Solis' discriminatory behavior.

42. Because of her unlawful termination, Plaintiff suffered and will continue to suffer wage loss, humiliation, and emotional distress.

/ / /

/ / /

/ / /

COMPLAINT - 6

## CLAIMS FOR RELIEF

### First Claim – Title VII of the Civil Rights Act of 1964
(Hostile work environment and termination of employment based on sex or perceived sexual orientation)

43. Defendant violated 42 U.S.C. § 2000e-2(a) and 2000e-3(a) by discriminating against Plaintiff with respect to her sex or perceived sexual orientation by subjecting her to severe or pervasive harassment and by terminating her employment because of her opposition to the harassment because of her sex or sexual orientation.

44. Defendant violated 42 U.S.C. § 2000e-2(m), because sex or perceived sexual orientation was a motivating factor in Plaintiff's unlawful discharge.

45. Plaintiff seeks back pay, compensatory damages and attorney fees and costs under 42 U.S.C. § 2000e-5(k).

### Second Claim — AWPA
(Failure to Post Rights of Seasonal Agricultural Workers)

46. Defendant violated 29 U.S.C § 1831(a) by failing to post a notice of the rights of seasonal agricultural workers at the workplace.

47. Plaintiff seeks statutory damages and costs under 29 U.S.C. § 1854.

### Third Claim --- Oregon Unlawful Employment Practice
(Hostile work environment and termination of employment because of sex or perceived sexual orientation)

48. Defendant violated O.R.S. § 659A.030(1)(a),(b), (f) and O.A.R. 839-005-0003(16), by discriminating against Plaintiff with respect to the conditions or privileges of employment because of her sex or perceived sexual orientation by subjecting her to severe and pervasive harassment and by terminating her employment because of her opposition to the harassment based on her sex or perceived sexual orientation.

49. Plaintiff seeks back pay, compensatory damages or $200, whichever is greater, and attorney fees and costs under O.R.S. § 659A.885(1),(3).

### Fourth Claim – Violation of Oregon Contractor Registration Act

50. Defendant violated O.R.S. § 658.440(1)(f) by failing to furnish Plaintiff with written disclosures communicating the terms outlined therein at the time of she was hired, recruited, solicited, or supplied.

51. Defendant also violated O.R.S. § 658.440(1)(g) by failing to execute a written agreement with Plaintiff containing the descriptions outlined therein.

52. Plaintiff is entitled to actual or statutory damages of $1,000, whichever is greater, for each violation of O.R.S. 658.440 described in paragraphs 46 and 47, and attorneys' fees and costs under O.R.S. § 658.453.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

1. Award Plaintiff compensatory damages and full back pay;
2. Award Plaintiff damages for emotional distress, mental anguish, humiliation, and loss of enjoyment of life;
3. Award Plaintiff actual or statutory damages of $1,000, whichever is greater, for violations of OCRA described in paragraphs 50 and 51;
4. Award Plaintiff statutory damages of $500 for violation of AWPA described in paragraphs 46 and 47;
5. Find that Plaintiff is the prevailing party and award reasonable attorney fees and costs under 42 U.S.C. § 2000e-5(k) and O.R.S. §§ 658.453 and 659A.885.
6. Award Plaintiff post-judgment interest on all claims; and

7. Award Plaintiff such other relief as this Court deems just and proper.

Respectfully submitted this 20th day of July 2021, by:

<u>s/ Mayra A. Ledesma</u>
**Mayra A. Ledesma**, OSB #183942
Attorney for Plaintiff

COMPLAINT - 9